# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON E. ELKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-4029-SAC-KGG |
| | ) |
| RICKEY D. YODER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with her federal court Complaint (Doc. 1), Plaintiff Sharon E. Elkins has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application.

## ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

1

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she 62 and divorced with no dependents.  (Doc. 3-1, sealed, at 1-2.)  She is currently employed by Postal Fleet Services, earning a modest bi-weekly wage.  (*Id.*, at 2.)  She had been receiving food stamps benefits, but indicates that has been discontinued.  (*Id.*, at 5.)  She lists ownership in real property, but indicates that she has no access to said real property because of the underlying claims in her Complaint (*Id.*, at 3-4.)  She owns a modest automobile outright.  (*Id.*, at 5.)  Plaintiff lists no cash on hand.  (*Id.*)  She

lists typical monthly expenses, including rent as well as groceries, utilities, car insurance, and health insurance. (*Id.*, at 5.) She also indicates an unspecified amount of medical debt that she states she is unable to pay. (*Id.*, at 6.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of May, 2018.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge