# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON E. ELKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-4029-SAC-KGG |
| | ) |
| RICKEY D. YODER, *et al.*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

With two pending Motions to Dismiss her claims filed by the Defendants in this case, Plaintiff, who has been representing herself *pro se*, has filed a motion requesting the appointment of counsel. (Doc. 33.) After review of Plaintiff's motion, the Court **DENIES** her request for counsel.

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x

1

707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in the Court's prior Order granting Plaintiff's motion to proceed without prepayment of fees (Doc. 4), Plaintiff's financial situation would make it impossible for her to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in the form motion, Plaintiff has been diligent, but unsuccessful, in her attempt to secure legal

2

representation. (Doc. 33.) As for the next factor, the Court has concerns regarding the viability of Plaintiff's claims in federal court given the pending Motions to Dismiss. Because these dispositive motions will be decided by the District Court, the undersigned Magistrate Judge will not express further opinions regarding the validity of Plaintiff's claims. The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf*. *Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff's motion does not provide the Court with any specific information to justify the

3

appointment of counsel in this case. As such, the Motion to Appoint Counsel (Doc. 33) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 33) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of July, 2018.

S/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge